IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 98-30082 & 98-30083
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES L. KNOX, JR.,

Defendant-Appellant.

* * * * * * * * * * * * * *

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY LEE CONANT,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. 97-CR-50044-1 & 97-CR-50044-5
- - - - - - - - - -
October 15, 1998
Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, James L. Knox, Jr., and Jeffrey Lee Conant appeal, respectively, their sentences for conspiracy to possess and possession with intent to distribute

_____

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine and for conspiracy to posses with intent to distribute cocaine. Conant argues that the district court erred in refusing to depart downwardly from the sentencing guidelines after the Government refused to file a § 5K1.1 motion for a downward departure based on substantial assistance. Because Conant has not made a threshold showing of an unconstitutional motive, the district court lacked the "authority to scrutinize the level of [Conant's] cooperation and interpose[] [its] own assessment of its value." United States v. Urbani, 967 F.2d 106, 109 (5th Cir. 1992).

Knox argues that the district court erred in increasing his base offense level four points for being a leader or organizer under U.S.S.G. § 3B1.1(a). The district court did not clearly err in finding that Knox was an organizer or leader. United States v. Puig-Infante, 19 F.3d 929, 944 (5th Cir. 1994).

AFFIRMED.